Mr. James H. Kelloms III c/o Jean Langford, Human Resources Attorney Administrative Services Division Arkansas State Police #1 State Police Plaza Drive Little Rock, Arkansas 72209
Dear Mr. Kelloms:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). Your request is submitted pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009). This section authorizes the custodian, requester, or the subject of personnel or employee-evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
It is my understanding that you are currently retired from your position as a State Trooper with the Arkansas State Police. Your letter states that you "protest the release of [your] personnel file," which has been requested by an Arkansas Democrat-Gazette reporter pursuant to the FOIA. While I have not been provided with a copy of your personnel file, the custodian has provided a general description of the Arkansas State Police personnel file plan, setting out six sections — "Employee History," "Personnel Action Notice," "Job Requests," "Correspondences," "Reprimand Letters, Etc., if any," and "Signatures/Acknowledgements" — and listing the types of documents maintained in each section. The custodian has also informed this office that "non-public info" such as "SS number, residence street address, DOB #, etc.," will be redacted from your personnel file prior to release. *Page 2 
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to determine whether the custodian's decision is consistent with the FOIA. Not having seen your personnel file, I am unable to opine regarding the release of any specific records. I can, however, explain the legal standards the custodian must apply to determine whether the particular documents contained in your personnel file must be disclosed. I will initially note that in all likelihood the most relevant legal standards are those pertaining to "personnel records" and "employee evaluation/job performance records" within the meaning of the FOIA. To summarize in this regard, "personnel records"are open to public inspection except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy" of the subject of the records, A.C.A. § 25-19-105(b)(12) (Supp. 2009), whereas"employee evaluation and job performance records" aregenerally closed and confidential except upon the occurrence of certain specified events including, as a threshold matter, the employee's suspension or termination, A.C.A. § 25-19-105(c)(1) (Supp. 2009). See
Op. Att'y Gen. 2006-071. Accordingly, if you were never suspended or terminated during your employment, your evaluations and job performance records — the test for which is discussed further below — must not be released.
DISCUSSION
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met to be in this case. As for the first element, the documents are held by the Arkansas State Police, which is a public entity. The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and *Page 3 
which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2009).
Given that the subject of the request is a former state employee, the records are presumed to qualify as "public records" under this definition. As I stated in Op. Att'y Gen. 2007-013 the "records of former employees that are maintained by a public agency are subject to the FOIA." Id. at 5 (relying on Op. Att'y Gen. 2006-182 and summarizing previous opinions concluding that the FOIA's "personnel records" provisions apply to former employees.)[1]
As my predecessor noted in Op. Att'y Gen. No. 1999-305: "If records fit within the definition of `public records' . . ., they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific *Page 4 
exemption in that Act or some other pertinent law." It appears that the relevant FOIA exemptions regarding the particular records at issue are the ones for "personnel records" and "employee evaluation/job performance records." It is important for the custodian of the records to classify the records correctly because the standards for releasing these two types of records differ.
Although the FOIA does not define the term "personnel records," this office has consistently taken the position that "personnel records" are any records other than employee evaluation or job performance records (discussed below) that relate to an individual employee. E.g., Op. Att'y Gen. Nos. 2006-111; 2006-038; 2006-035; 2004-178; 2003-336; 2003-055; 2002-085; 2001-154; 99-147. Under the relevant statute, A.C.A. § 25-19-105, "personnel records"are open to public inspection and copying, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." Id. at (b)(12) (Supp. 2009).
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice,308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." If there is little public interest in the information, the privacy interest will prevail if it is not insubstantial. Stilley v.McBride, 332 Ark. 306, 965 S.W.2d 125 (1998).
With regard to the privacy side of the balancing test, the Arkansas Supreme Court has stated, relying on federal decisions, that there is a substantial privacy interest in records revealing the intimate details of a person's life, including any information that might subject the person to embarrassment, harassment, disgrace, or loss of employment or friends. Stilley, supra,332 Ark. at 311. With regard to the public interest side of the balancing test, the court in Stilley also discussed with approval an aspect of the balancing test used in Department ofDefense v. FLRA, 510 U.S. 487 (1994), which held that the Court's duty was to weigh the privacy interest of the employees at issue therein against the only relevant public interest *Page 5 
in the FOI balancing analysis — the extent to which disclosure of the information sought would "shed light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." Stilley, 332 Ark. at 312, quotingFLRA at 497.
The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Op. Att'y Gen. Nos. 2004-260; 2003-336; 2003-201; 2001-101; 98-001.
"Employee evaluation or job performance records," on the other hand, according to numerous opinions of this office, are any records that were created by or at the behest of a supervisor in the course of evaluating or recording the job performance of individual employees. E.g., Op. Att'y Gen. 2008-078 (and opinions cited therein). Evaluation or job performance records are releasable only if the following threeconditions have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding;
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 3. There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1) (Supp. 2009).
Evaluation or job performance records cannot be released unless each prong of this test has been met. It should be emphasized in this regard that a decision to suspend or terminate the affected employee is a threshold requirement for the release of evaluation or job performance records.
As for the third prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines: *Page 6 
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra, at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") They have also observed that "[i]n some cases, . . . rank is unrelated to importance" — a proposition they illustrate by suggesting that "[t]he public has a great interest in the performance of police officers and other law enforcement officials, and in this case the `cop on the beat' is just as important as the chief of police." Id. at 207.
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. This office has repeatedly opined that, in certain situations, a compelling public interest exists in the disclosure of documents containing certain categories of information. E.g., Op. Att'y Gen. Nos. 2007-206 (information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public); 2001-144 (use/possession of drugs); 2003-257, 97-190 and 97-177 (arrests and/or convictions); 2003-072, 2001-343, 98-210, 98-075, 97-400 and 92-319 (violation of administrative rules and policies aimed at conduct which could undermine the public trust and/or compromise *Page 7 
public safety). Neither I nor any of my predecessors have opined, however, that only these categories of information could give rise to a compelling public interest.
Again, not having seen any of the records in question, I cannot assess this third prong. Additionally, to reiterate, a suspension or termination decision is a threshold requirement for the release of evaluation or job performance records.
Even if the FOIA requires a certain document be disclosed, the custodian may need to redact some information in that document for two reasons. First, this office has opined that numerous types of information must be redacted from otherwise open records based on either the "personnel records" exemption discussed above or separate exemptions contained in the FOIA or other specific laws. Some of those items include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); any information identifying certain law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10)); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
Second, the custodian should be aware of some general constitutional implications of disclosure. Any party who may be identified from any of the requested records may have a constitutionally-protected privacy interest in those records. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally-protectable information. McCambridge v. City ofLittle Rock, 298 Ark. 219, 766 S.W.2d 909 (1989). TheMcCambridge court held that a constitutional privacy-interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed. *Page 8 
Whether certain information is constitutionally protected under the right to privacy is a highly factual decision the custodian of records must initially make. If the custodian determines that the records contain constitutionally protectable information (i.e., information that meets the McCambridge test), then the custodian must consider whether the governmental interest in disclosure (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in withholding them. As always, the person claiming the right will have the burden of establishing it.
While I am unable, for the reasons explained above, to opine definitively regarding the release of particular documents in your personnel file, the foregoing should offer sufficient guidance for the custodian, who ultimately is charged with making these determinations.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:EAW/cyh
[1] Section 25-19-103(5)(A) establishes a presumption that all records kept in public offices by public employees within the scope of their employment are "public records." The presumption may be rebutted, however, with evidence that the records do not "reflect the performance or lack of performance of official functions." A.C.A. § 25-19-103(5)(A). This is a fact question that can only be answered after a review of the actual content of the records and after consideration of any other pertinent facts. This issue was discussed at length in Pulaski County v. Arkansas Democrat GazetteInc., 370 Ark. 435, 260 S.W.3d 718 (2007) and Pulaski County v.Arkansas Democrat-Gazette, Inc.,371 Ark. 217, 264 S.W.3d 465 (2007).
As I have previously noted, my statutory mandate under A.C.A. § 25-19-105(c)(3)(A) and (B) is premised upon the assumption that the records in question are "public records." Op. Att'y Gen. 2008-095 (noting that this subsection presumes that the records are "personnel or evaluation records," and thus necessarily "public records," and that the Attorney General's duty appears restricted to opining on whether the custodian's decision as to the exemption of records is consistent with the FOIA.) Clearly, not all records authored by public employees are properly classified as "personnel records" for purposes of my statutory duty. But I must assume for purposes of this opinion that each of the records you have provided in fact meets the definition of a "public record." This opinion therefore does not address the possible threshold issue of whether the presumptive "public record" status of any of these records might be rebutted. You may wish to refer to the above-reference cases for guidance on that issue.